UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KIMBERLY BODDY,**   CASE NO.: 3:23-cv-24707-TKW-HTC

**Plaintiff,**

v.

**OKALOOSA BOARD OF
COUNTY COMISSIONERS,**

**Defendant.**
_____/

## AMENDED COMPLAINT

Plaintiff, KIMBERLY BODDY, hereby sues Defendant, OKALOOSA BOARD OF COUNTY COMISSIONERS, and alleges:

### NATURE OF THE ACTION

1.  This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

2.  This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest. This case was removed to this Court by the Defendant.

### THE PARTIES

3.  At all times pertinent hereto, Plaintiff, KIMBERLY BODDY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff has been

subjected to retaliation for her previous reports/charge of discrimination based on her protected class.

4. At all times pertinent hereto, Defendant, OKALOOSA BOARD OF COUNTY COMISSIONERS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, who was previously employed by Defendant, began her employment with Defendant on or about May 26, 2007, until the time of her separation on February 3, 2021, due to continued workplace hostility as well as discrimination and retaliation against her.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard based on gender, sexual harassment and retaliation after she reported discrimination, eventually leading to a charge of employment discrimination that was settled in 2021.

8. Rising out of Plaintiff's prior lawsuit with Defendant, and in retaliation for her prior complaints and reports of discrimination, Defendant has provided a bad reference which has prevented Plaintiff from securing new employment with the Okaloosa County Sheriff's Department in August 2, 2022.

9. Specifically, in accordance with the settlement agreement from Plaintiff's prior lawsuit against Defendant, it was determined that neither Plaintiff nor Defendant should speak about the specific incidents related to the lawsuit. Defendant agreed to limit the amount of information released regarding Plaintiff's employment, specifically only being allowed to mention the dates of employment. Therefore, any below average evaluations, reprimands, or information related to the past lawsuit occurred during the period she experienced discrimination and should not have been shared with Plaintiff's potential future employer, the Okaloosa County Sheriff's Department (OCSD). Moreover, Defendant should not have verbally shared information with the OCSD stating that she abandoned her position with Defendant.

10. On June 1, 2022, Plaintiff was scouted by Lieutenant DJ Folley, of the Okaloosa County Sheriff's Booking Department, to apply for a position within the Okaloosa County Sheriff's Department, being that she had related experience. At this time, Plaintiff was under the impression that she would be hired due to the words and/or actions of Folly.

11. Notwithstanding the settlement agreement with the Defendant, Defendant falsely told the OCSD that Plaintiff walked off her job/abandoned her position thus thwarting Plaintiff's ability to become employed with the Okaloosa County Sheriff's Department. Upon information and belief, this is not the only employer that Defendant has influenced not to hire Plaintiff.

12. Defendant not only breached its settlement agreement with Plaintiff but provided false information to the OCSD.

13. After Defendant's bad reference and/ or the sharing of false information that appears to have been volunteered and which was perceived negatively by the OCSD, Plaintiff was informed by Rashanna Prescott, Human Resources for the Okaloosa County Sheriff's Department, that she was not chosen for the position because she previously "abandoned her position", notwithstanding the lawsuit and subsequent steps she had to take thereafter to clear her good name.

14. After Plaintiff was denied the position with OCSD, Plaintiff learned that there were emails between Defendant and the OCSD. She also suspected that there could have been a Public Records Request from the OCSD to Defendant. However, when Plaintiff inquired about the Public Records Request, she learned from the Defendant that there was no information available in her file showing that a Public Records Request was submitted by the OCSD for her file. She was told, however, that agencies "share information" with each other. Plaintiff understood this

comment to be confirmation of what she suspected- the unlawful and spurious sharing of information related to her lawsuit and job abandonment between Defendant and the Okaloosa County Sheriff's Department.

15. Thereafter, Plaintiff reached out to Mary Withrow, an employee of the Defendant, for a second opinion as to whether a Public Records Request had been submitted for her file by the OCSD. Withrow confirmed that there was no information in her file confirming that such as request had been submitted by the OCSD.

16. Following the denial of employment with the OCSD, Plaintiff was told by Rashanna Prescott to apply again in a year because "once an application closes out it can't be re-opened."

17. Upon information and belief, April McDaniel or Lisa Roper, both employees of the Defendant in August, 2022, falsely told the OCSD that Plaintiff abandoned her position with Defendant. Both were aware of the fact that Plaintiff previously filed a charge of discrimination against Defendant and settled her case, as stated above. April McDaniel was a Major in the Jail when Plaintiff worked previously for Defendant and Lisa Roper was Plaintiff's direct supervisor at the time that the charge and complaints were made in 2021.

18. The fact that Plaintiff reported discrimination and filed a charge was commonly known within Defendant and openly discussed in the administration

building of the Defendant where McDaniel's office was located. McDaniel was Lisa Roper's direct supervisor and Roper was frequently in the administration building. The charge was also openly and frequently discussed in the Jail where Roper's office was located and where she worked. Plaintiff also told Roper about the discrimination and retaliation before the charge was actually filed.

19. On June 29, 2022, disciplinary action against the male who Plaintiff accused of sexual harassment within Defendant was published in the local newspaper and the allegations of sexual harassment involving Plaintiff were printed in that newspaper article.

20. Providing a bad reference for Plaintiff was the first opportunity that Defendant had to retaliate against Plaintiff for her prior sexual harassment, discrimination and retaliation charge of discrimination and settlement thereof.

21. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RETALIATION

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. Defendant is an employer as that term is used under the applicable statutes referenced above.

24. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her.

25. The foregoing unlawful actions by Defendant were purposeful.

26. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

27. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter including reporting falsely that Plaintiff abandoned her job which resulted in the loss of a position with the OCSD.

28. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served to all counsel of record by CM/ECF this 11th day of December, 2023.

/s/ Marie A. Mattox
Marie A. Mattox